**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 99-CR-030-TCK** |
| | ) | |
| **MARK LOREN BARNES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is the Defendant Mark Loren Barnes's ("Barnes") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 343). On October 7, 2020, the Government filed its Response in Opposition (Doc. 346). Barnes filed a Reply on October 22, 2020 (Doc. 350).

Barnes seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018, and a combination of factors which warrant relief. The Government urges the Court to deny Barnes's § 3582(c)(1)(A) motion based on the contention that Barnes is not eligible for compassionate release. *Id.*

**I. Applicable Law**

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

(c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [1]

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*; See also, *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

**A. Exhaustion Requirement**

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, two Courts of Appeals have

---

[1] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

recently weighed in on the subject. In *United States v. Raia*, the Third Circuit concluded that failure to comply with the statute's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

More recently, the Sixth Circuit found that a prisoner's failure to exhaust his administrative remedies did not deprive the court of subject matter jurisdiction; however, the court concluded that the exhaustion requirement "looks like a claim-processing rule, and in operation it acts like one." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). In so holding, the court noted:

> Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition. If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must "fully exhaust [] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison.

18 U.S.C. § 3582(c)(1)(A). *Id.*

### B. Extraordinary and Compelling Circumstances

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021); *United States v. Bucci*,  2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13. The commentary to this section states:

1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a  probability of death

within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

However, the Tenth Circuit has recently clarified this position and held that § 1B1.3 is not binding on district courts "when a defendant files a motion to reduce sentence under § 3582(c)(1)(A) directly with the district court." *Id.*

**C. Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors**

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the

4

sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v. Rodriguez-Orejuela*, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

(1) (A) extraordinary and compelling reasons warrant the reduction;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

## II. A Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) is Not Warranted

### A. Barnes Has Met the Exhaustion Requirements of § 3582(c)(1)(A)

On July 13, 2020, Barnes submitted a written request to the warden requesting a compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i).  On July 22, 2020, he received a letter from the warden, denying his request and explaining his administrative appellate remedies. Barnes filed an administrative appeal, which was denied on August 14, 2020. Therefore, Barnes has fully exhausted his administrative appeals and has met the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary Circumstances Do Not Justify a Reduction in Sentence

In considering Barnes's motion, the Court has reviewed the three-part test adopted by the Tenth Circuit in *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing *United States v. Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020)). Step one requires the Court to determine at its

discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. Step two requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. Step three requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. However, because the policy statements of the Sentencing Commission have not been updated since enactment of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file motions for compassionate release directly with the Court, the existing policy statements are not applicable to motions filed directly by defendants. *Id*. at 12. Further, when any of the three prerequisite steps are lacking, the Court may deny a compassionate release motion and does not need to address the other steps. The Court must address all three steps when granting such motion. *Id.* at 13 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). See also *United States v. McGee*, No. 20-5047 (10th Cir. Mar. 29, 2021).

Even though Barnes's health condition qualifies as an "extraordinary and compelling reason" during the current COVID-19 pandemic, his request for compassionate release is denied because he does not otherwise merit release under the § 3553(a) factors.

Accordingly, after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, Barnes's Motion is denied.

. **IT IS SO ORDERED this 21st day of May, 2021.**

TERENCE C. KERN
United States District Judge